AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
7/21/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DTA___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
07/21/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___M.B.___ DEPUTY

United States of America

v.

ARTHUR BARAJAS JR.,

Defendant.

Case No.   8:23-mj-00376-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 16, 2023, in the county of Orange in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Brian Bonczkiewicz
*Complainant's signature*

Brian Bonczkiewicz, Task Force Officer (FBI)
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   7/21/2023

*Judge's signature*

City and state:   Santa Ana, California

Hon. John D. Early, U.S. Magistrate Judge
*Printed name and title*

AUSA:  Kevin Y. Fu  (ext. 3576)

**A F F I D A V I T**

I, Brian Bonczkiewicz, being duly sworn, hereby declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1.   This affidavit is made in support of a criminal complaint against and arrest warrant for ARTHUR BARAJAS JR. ("BARAJAS") for a violation of Title 18, United States Code, Section 922(g)(1):  Felon in Possession of Ammunition.

2.   The facts set forth in this affidavit are based upon my personal observations; my review of relevant documents, records, and reports; my training and experience; and information provided to me by other individuals.  This affidavit does not purport to set forth all of my knowledge of or investigation into this matter; rather, this affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant.  When a date is listed, I mean that the event occurred "on or about" that date.  When a time period is listed, I mean that the event occurred "in or around" that time period.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only and are not intended to be a verbatim recitation of such statements.

## II. BACKGROUND OF AFFIANT BRIAN BONCZKIEWICZ

3. I am an investigator with the Anaheim Police Department ("APD") and a federally deputized Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI").

4. I am assigned to the Orange County Violent Crime Task Force ("OCVCTF"). The OCVCTF is composed of FBI and APD investigators. The OCVCTF is responsible for, among other things, investigating violations of federal law committed by criminal street gangs, locating and arresting wanted federal fugitives, and arresting other violent criminal offenders in Orange County. Before this assignment with the FBI, I served as a sworn officer of the APD for approximately eighteen years.

5. I have specialized training and experience in investigations on all types of criminal acts, including firearms and narcotics violations. During my tenure as an APD officer and FBI TFO, I have conducted and participated in numerous investigations of criminal activity. I have investigated over 100 cases that involve the sale of narcotics, trafficking of narcotics, and felons in possession of firearms.

## III. SUMMARY OF PROBABLE CAUSE

6. On May 16, 2023, I joined members of the APD in arresting BARAJAS after we received information indicating that BARAJAS had taken his girlfriend's vehicle against her will, was in possession of a firearm, and had threatened to use that firearm.

7. At the time of his arrest, BARAJAS was driving the vehicle his girlfriend, P.A., had identified: a gray Chevrolet Traverse with California license plate number 8WVC273.

8. After BARAJAS was arrested, an APD officer discovered a black, semi-automatic handgun on the floorboard under the front driver's seat. There was one live 9mm round of ammunition in the chamber of the handgun and one live 9mm round in the magazine. Both 9mm rounds bore the stamp "FC 9 MM LUGER."

9. After being informed of his Miranda rights at the APD jail, BARAJAS admitted that the gun was his and that he placed it underneath the car seat.

10. On May 30, 2023, FBI TFO Rudy Valdez, a certified firearms specialist, examined the two rounds of 9mm caliber ammunition stamped "FC 9 MM LUGER" that were found during BARAJA's May 16, 2023 arrest. TFO Valdez determined that the ammunition traveled in and/or affected interstate commerce.

11. BARAJAS had multiple felony convictions prior to the events set forth above.

## IV. STATEMENT OF PROBABLE CAUSE

12. Based on my personal observations; my review of relevant documents, records, and reports; my training and experience; and information provided to me by other individuals, I am aware of the following:

3

### A. May 16, 2023 Discovery of Loaded Firearm

13. On May 16, 2023, I received a request for assistance from APD Patrol Officer Andrew Dao, who asked the APD's Crime Task Force ("CTF") to apprehend BARAJAS.

   a. Initial Investigation Regarding BARAJAS

14. Officer Dao had been speaking with P.A., who informed him that, after suffering a domestic violence incident involving her boyfriend, BARAJAS, she had left BARAJAS's house in Buena Park to spend the night at her home in Anaheim. At 7 a.m. the following morning, BARAJAS had ostensibly come to her house to pick up his father's speaker, which was in P.A.'s car. As P.A. opened the trunk of her car for BARAJAS to retrieve the speaker, BARAJAS grabbed the key to her vehicle from her back pocket, sat in the driver seat, and turned on the ignition. He told P.A.: "Get in the passenger seat, going to hijack your ass." Because she did not want BARAJAS to drive away with her car, P.A. complied.

15. While they drove in the car, BARAJAS showed her a black handgun. P.A. was convinced the gun was real because BARAJAS racked the slide back on the gun. P.A. indicated, however, that BARAJAS never pointed the handgun at her or threatened her with it during the drive.

16. Eventually BARAJAS left P.A. at her place of employment before driving off in her car, a gray Chevrolet Traverse with California license number 8WVC273. P.A. then filed a stolen vehicle report with Officer Dao.

4

17. While Officer Dao was preparing his police report, BARAJAS repeatedly called P.A. and the two began to argue. After P.A. began to ignore his phone calls, BARAJAS sent her a text that stated: "Check out is at 1130 I fucken got two bullets left one for you and one for him." P.A. told Officer Dao that she feared for her life given the content of the message and the firearm that she had seen.

18. P.A. continued to exchange text messages with BARAJAS and was ultimately successful in convincing him to share his location. With this information, APD was able to locate and track BARAJAS. Officer Dao requested that CTF investigators place BARAJAS under arrest for theft of a motor vehicle.

      b.    Arrest and Discovery of Loaded Firearm

19. Before CTF investigators drove to BARAJAS's location, I conducted a background check on BARAJAS. I learned BARAJAS had an outstanding arrest warrant for attempted murder in relation to the domestic violence incident the day before, which P.A. had reported to the Buena Park Police Department, and which had involved strangulation. BARAJAS was also on active Post Community Release Supervision ("PRCS"), which permitted warrantless searches by law enforcement officers, as well as warrantless arrests by law enforcement officers upon probable cause that he had violated the conditions of his release. I was also aware of the probable cause that existed to arrest BARAJAS for vehicle theft.

20. CTF investigators located and surveilled BARAJAS in the gray Chevrolet Traverse. When BARAJAS came to a stop at a

5

red light at the intersection of Wardlow Street and Auto Center Drive in the City of Corona, investigators arrested BARAJAS without incident.

21. After securing BARAJAS, law enforcement found a small plastic baggie and an Altoids container in and around the Chevrolet. A closer inspection revealed that the small baggie contained suspected methamphetamine weighing 12.3 grams. The Altoids container held a small, off-white colored "rock" that was later confirmed to be a gram of fentanyl.

22. On the floorboard under the front driver's seat, officers found a black, semi-automatic handgun. The handgun had no serial numbers located on it and is commonly referred to as a "ghost gun." The handgun contained two live rounds of ammunition, one in the magazine and one in the chamber. Both rounds of ammunition were stamped "FC 9 MM LUGER."

      c.    BARAJAS's *Mirandized* Statements

23. After his arrest, BARAJAS was transported to APD's jail. There, Officer Dao interviewed BARAJAS after apprising him of his Miranda rights.

24. BARAJAS claimed that he and P.A. had stayed at a Days Inn in Buena Park the night before the incident and that he had taken P.A. to work in the morning. Aside from taking P.A. to work, he claimed he had only visited gas stations before being arrested in Corona.

25. When confronted with the fact that he had not disclosed at least one other location he had been to (a School's First Credit Union), which law enforcement was aware of because

he shared his location with P.A., BARAJAS indicated that he did not feel that it was important for Officer Dao to know this information.

26. BARAJAS also denied sending the text message: "Check out is at 1130 I fucken got two bullets left one for you and one for him."

27. BARAJAS did tell Officer Dao that he had methamphetamine and fentanyl on his lap at the time of his arrest, both of which fell when he exited the vehicle.

28. As for the firearm, BARAJAS admitted that the gun was his and that he placed it underneath the car seat.

### B. July 12, 2023 Discovery of Loaded Firearm

#### a. Car Accident

29. On July 12, 2023, the Orange Police Department ("OPD") received a report that a 2016 Chevrolet Cruz with California license plate number 8FTL145 had collided with a parked vehicle.

30. When the first officer arrived at the scene, BARAJAS was in the process of reversing the Chevrolet Cruz for approximately 30 feet, and he nearly collided into the officer. The officer yelled for BARAJAS to stop, grabbed BARAJAS's left arm, and instructed BARAJAS to exit the vehicle.

31. BARAJAS told officers of the OPD that he was driving the Chevrolet Cruz and had become distracted while looking down to change the radio.

32. Officers observed that BARAJAS had an unsteady gait, responded slowly to questions, and had pupils that appeared to be constricted. BARAJAS also needed to be asked the same question

numerous times before responding. Based on their training and experience, OPD officers determined that BARAJAS was under the influence of a controlled substance.

33. As BARAJAS was bleeding profusely from his nose, he was transported to the UCI Medical Center for treatment.

      b.    <u>Discovery of Loaded Firearm</u>

34. The Chevrolet Cruz that BARAJAS was driving was towed to clear the roadway. Prior to the car being towed, law enforcement conducted an inventory of the vehicle. During the inventory process, an OPD officer discovered underneath a pile of clothes on the rear, passenger-side floorboard a black and silver handgun.

35. The chamber of the handgun was empty, but there were five rounds of 9mm ammunition in the magazine that was inserted into the handgun. Two of the live rounds of ammunition were marked as Blazer 9mm luger rounds, two of the rounds were marked as RP 9mm luger rounds, and one of the live rounds was marked as a CBC 9mm luger round.

      c.    <u>BARAJAS's *Mirandized* Statements</u>

36. While BARAJAS was at the UCI Medical Center, an OPD officer interviewed him after apprising him of his <u>Miranda</u> rights.

37. BARAJAS acknowledged that there was a handgun inside the car and that he was aware that he could not be in possession of a firearm. He indicated, however, that he did not have the handgun on him and that he planned to drop the handgun off with his mother, who was the owner of the handgun.

38. When admonished to tell the truth, BARAJAS changed his story and claimed that he did not know that there was a firearm in the vehicle. He also indicated that he did not want to speak further on this topic, at which point the interview was terminated.

### C.  BARAJAS's Criminal History

39. I reviewed BARAJAS's criminal history and have learned that BARAJAS has previously been convicted of the following felonies:

    a. On May 22, 2015, robbery second degree in violation of CPC § 211, theft of motor vehicle in violation of California vehicle code ("CVC") 10851(a), buy or receiving stolen property in violation of CPC 496(d), in Orange County Superior Court, Case No. 15NF0428, for which he was sentenced to 2 years in state prison and 3 years of probation;

    b. On June 8, 2017, theft of a motor vehicle, in violation of CPC § 10851(a), in Orange County Superior Court, Case No. 16WF0871, for which he was sentenced to 16 months in prison;

    c. On June 8, 2017, four (4) counts of unauthorized use of personal identifying information, violation of CPC § 530.5(a), and grand theft, violation of CPC § 487(a) in Orange County Superior Court, Case No. 16NF1690, for which he was sentenced to 16 months in prison;

      d.    On January 16, 2018, second degree burglary, in violation of CPC 459-460(b), in Orange County Superior Court, Case No. 17NF3582, for which he was sentenced to 16 months in prison;

      e.    On October 9, 2018, possession of a controlled substance in a jail, in violation of Health and Safety Code ("H&S") 4573.8 in Orange County Superior Court, Case No. 18CF1991, for which he was sentenced to 2 years in prison and 1 year of probation;

      f.    On May 13, 2019, unlawful taking of a vehicle, in violation of CPC 10851(a), grand theft auto, in violation of 487(d)(1), possession of stolen property, in violation of CPC 496d(a), evading a police officer while driving recklessly, in violation of CVC 2800.2, carrying a loaded firearm in public, in violation of CPC 25850(a)(c)(1), possession of a firearm by a felon, in violation of CPC 29800(a)(1), prohibited person possessing ammunition, in violation of CPC 30305(a)(1), and possession of an assault weapon, in violation of CPC 30605(a), in Orange County Superior Court, Case No. 19WF1068, for which he was sentenced to 4 years in prison;

      g.    On September 2, 2022, felon in possession of a firearm, in violation of CPC 29800(a)(1), Los Angeles County Superior Court, Case No. NA120377, for which he was sentenced to 16 months in prison.

D.   **Interstate Nexus**

40.   On May 30, 2023, FBI TFO Rudy Valdez, a certified firearms specialist, examined the ammunition recovered during the May 16, 2023 arrest of BARAJAS.  TFO Valdez determined the following:

   a.   Two rounds of 9mm caliber ammunition, stamped "FC 9 MM LUGER," were manufactured outside of the State of California.

   b.   As a result, TFO Valdez concluded that the ammunition must have been shipped or transported in interstate or foreign commerce if it was received or possessed in the State of California.

41.   On July 17, 2023, TFO Valdez examined the ammunition recovered during the July 12, 2023 inventory of the Chevrolet Cruz driven by BARAJAS.  TFO Valdez determined the following:

   a.   Two rounds of 9mm caliber ammunition, stamped "Blazer 9MM luger," were manufactured outside of the State of California.

   b.   Two rounds of ammunition, stamped "RP 9MM LUGER," were manufactured outside of the State of California.

   c.   One round of ammunition, stamped "CBC 9MM LUGER," was manufactured outside of the State of California.

   d.   As a result, TFO Valdez concluded that the ammunition must have been shipped or transported in interstate or foreign commerce if it was received or possessed in the State of California.

## V. CONCLUSION

42. For the reasons described above, there is probable cause to believe that BARAJAS has committed a violation of Title 18, United States Code, 922(g)(1): Felon in Possession of Ammunition.

/s/ *Brian Bonczkiewicz*

BRIAN BONCZKIEWICZ
Task Force Officer, FBI
Investigator, APD

Attested to by the applicant
in accordance with the
requirements of Fed. R. Crim.
P. 4.1 by telephone on this
 21  day of July 2023.

HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE